1   MELINDA HAAG (CABN 132612)
    United States Attorney
2
    ALEX G. TSE (CSBN 152348)
3   Chief, Civil Division

4   MARK R. CONRAD (CSBN 255667)
    Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-7025
7       FAX: (415) 436-6748
        mark.conrad@usdoj.gov
8
    Attorneys for Federal Defendants
9

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12                         OAKLAND DIVISION

13
    STEPHEN ECHOLS,                    )    No. C 12-01581 CW
14                                      )
            Plaintiff,                  )    **NOTICE OF MOTION AND**
15                                      )    **MOTION TO DISMISS**
        v.                              )
16                                      )    Date:      March 7, 2013
    MORPHO DETECTION, INC., et al.,     )    Time:      2:00 p.m.
17                                      )    Judge:     Hon. Claudia Wilken
            Defendants.                 )    Location:  Courtroom 2, 4th Floor
18  _____    )

19

20

21

22

23

24

25

26

27

28

1

**TABLE OF CONTENTS**

2  TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

3  NOTICE OF MOTION AND MOTION TO DISMISS.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

4  MEMORANDUM OF POINTS AND AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

5  I.  BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

6  II.  LEGAL STANDARDS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

7  A.  Rule 12(b)(1): Motion To Dismiss for Lack of Subject Matter Jurisdiction. . . . . . 4

8  B.  Rule 12(b)(6): Motion To Dismiss Claims as Untimely. . . . . . . . . . . . . . . . . . . 4

9  C.  Rule 12(b)(6): Motion To Dismiss for Failure To State a Claim. . . . . . . . . . . . . 5

10  D.  Rule 12(e): Motion for a More Definite Statement. . . . . . . . . . . . . . . . . . . . . . . 5

11  III. ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

12  A.  Plaintiff's FCRA Claims Must Be Dismissed Because the Federal
    Defendants Are Immune from Suit. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

13  B.  Plaintiff's FCRA Claims Present a Non-Justiciable Controversy Regarding
14  Executive Decisions on Security Clearances. . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

15  C.  Plaintiff's FCRA Claims Are Untimely. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

16  D.  Plaintiff's Amended Complaint Fails To State a Claim Under the FCRA. . . . . . 10

17  E.  Plaintiff Fails To Identify a Valid Basis for Declaratory Relief. . . . . . . . . . . . . 12

18  IV.  CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Al-Malik v. United States Dep't of Educ.*, No. C 11-02339 WHA, 2011 WL 3809866
(N.D. Cal. Aug. 29, 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 11

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 11

*Bennett v. Chertoff*, 425 F.3d 999 (D.C. Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Brazil v. United States Department of Navy*, 66 F.3d 193 (9th Cir. 1995). . . . . . . . . . . . . . . . . 9

*Block v. North Dakota ex rel. Board of University & Sch. Lands*, 461 U.S. 273 (1983). . . . . . . . . 6

*Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157
(9th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Countrywide Home Loans, Inc., v. Mortgage Guaranty Insurance Corp.*, 642 F.3d 849
(9th Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Delta Savings Bank v. United States*, 265 F.3d 1017 (9th Cir. 2001). . . . . . . . . . . . . . . . . . . 8

*Department of Navy v. Egan*, 484 U.S. 518 (1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Dorfmont v. Brown*, 913 F.2d 1399 (9th Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*FDIC v. Meyer*, 510 U.S. 471 (1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Famolare, Inc. v. Edison Brothers Stores, Inc.*, 525 F. Supp. 940 (E.D. Cal. 1981). . . . . . . . . 5, 12

*Gerritsen v. Consulado General de Mexico*, 989 F.2d 340 (9th Cir. 1993). . . . . . . . . . . . . . . . . 6

*Gillert v. United States Department of Education,* No. 08-6080, 2010 WL 3582945
(W.D. Ark. Sept. 7, 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Hinck v. United States*, 550 U.S. 501 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Hodge v. Dalton*, 107 F.3d 705 (9th Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Hoeck v. City of Portland*, 57 F.3d 781 (9th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Hogan v. PMI Mortg. Insurance Co.*, Number C 05-3851 PJH, 2006 WL 1310461
(N.D. Cal. May 12, 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Howard v. Blue Ridge Bank*, 371 F. Supp. 2d 1139 (N.D. Cal. 2005). . . . . . . . . . . . . . . . . . . 12

*Huynh v. Chase Manhattan Bank*, 465 F.3d 992 (9th Cir. 2006). . . . . . . . . . . . . . . . . . . . 5, 10

*Irwin v. Department of Veterans Affairs*, 498 U.S. 89 (1990). . . . . . . . . . . . . . . . . . . . . . . 6

*Jerves v. United States*, 966 F.2d 517 (9th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Johnson v. Exec. Office for U.S. Attorneys*, 310 F.3d 771 (D.C. Cir. 2002). . . . . . . . . . . . . . . . . 2

*Kenney v. Barnhart*, Number SACV 05-426-MAN, 2006 WL 2092607
    (C.D. Cal. July 26, 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994). . . . . . . . . . . . . . . 4

*Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Lehman v. Nakshian*, 453 U.S. 156 (1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Love v. United States*, 60 F.3d 642 (9th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*McCarthy v. United States*, 850 F.2d 558 (9th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*McKesson HBOC, Inc. v. New York State Common Retirement Fund, Inc.*, 339 F.3d 1087
    (9th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Ohio v. Price*, 364 U.S. 263 (1960). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Ollestad v. Kelley*, 573 F.2d 1109 (9th Cir. 1978). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Ralph v. U.S. Air Force MGIB*, No. 06-cv-02211-ZLW-KLM, 2007 WL 3232593
    (D. Colo. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Ross v. United States*, 460 F. Supp. 2d 139 (D.D.C. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Savage v. Glendale Union High Sch.*, 343 F.3d 1036 (9th Cir. 2003). . . . . . . . . . . . . . . . . . . . 4

*Schwarder v. United States*, 974 F.2d 1118 (9th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Self Directed Placement Corp. v. Control Data Corp.*, 908 F.2d 462 (9th Cir. 1990). . . . . . . . 11

*Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035 (9th Cir. 2010). . . . . . . . . . . 12

*Sopcak v. Number Mountain Helicopter Serv.*, 52 F.3d 817 (9th Cir. 1995). . . . . . . . . . . . . . . 4

*Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . 5

*Supermail Cargo, Inc. v. United States*, 68 F.3d 1204 (9th Cir. 1995). . . . . . . . . . . . . . . . . . . . 5

*Talley v. U.S. Department of Agricultural*, 2010 WL 588776 (7th Cir. Oct. 1, 2010). . . . . . . . . 7

*Taylor v. United States*, No. CV-09-2393-PHX-DGC, 2011 WL 1843286
    (D. Ariz. May 16, 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Bormes*, 133 S. Ct. 12 (2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 11

*United States v. King*, 395 U.S. 1 (1969). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Mitchell*, 445 U.S. 535 (1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Mottaz*, 476 U.S. 834 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Nordic Village, Inc.*, 503 U.S. 30 (1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Sherwood*, 312 U.S. 584 (1941).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Voinche v. Federal  Bureau of Investigation*, 999 F.2d 962 (5th Cir. 1993). . . . . . . . . . . . . . . . . 2

*Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954 (9th Cir. 2010).. . . . . . . . . . . . . . 5, 10

*Washington v. CSC Credit Services, Inc.*, 199 F.3d 263 (5th Cir. 2000).. . . . . . . . . . . . . . . . . . 12

*Yufa v. Lighthouse Worldwide Solutions, Inc.*, 2009 WL 1690511
 (N.D. Cal. June 16, 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 12

## FEDERAL STATUTES

15 U.S.C. §§ 1581-1581x. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

15 U.S.C. § 1681a. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

15 U.S.C. §§ 1681b(a), (g), 1681c, 1681c-1, 1681c-2, 1681d(a)(2). . . . . . . . . . . . . . . . . . . . . . 11

15 U.S.C. § 1681p. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

28 U.S.C. § 1346(a)(2).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

28 U.S.C. § 1346(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

28 U.S.C. §§ 2201-2202. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

28 U.S.C. § 2674. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Fed. R. Civ. P. 8(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Fed. R. Civ. P. 12(e). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Fed. R. Civ. P. 15(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

1

## NOTICE OF MOTION AND MOTION TO DISMISS

2      PLEASE TAKE NOTICE that on March 7, 2012, at 2:00 p.m. in Courtroom 2, 4th Floor,

3   United States Courthouse, 1301 Clay Street, Oakland, California, before the Honorable Claudia

4   Wilken, United States District Judge, Defendants United States Department of Homeland

5   Security, Transportation Security Agency, and Janet Napolitano ("Federal Defendants") will and

6   hereby do move the Court for an order dismissing the First, Second, and Eighth Causes of Action

7   asserted in the First Amended Complaint of Plaintiff Stephen Echols.

8      Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the Federal Defendants

9   move the Court to dismiss the First, Second, and Eighth Causes of Action for lack of subject

10  matter jurisdiction because there has been no waiver of the United States' sovereign immunity

11  with respect to claims asserted under the Fair Credit Reporting Act ("FCRA") and because this

12  case presents a non-justiciable controversy regarding the executive branch's decision to deny a

13  security clearance.  Pursuant to Rule 12(b)(6), the Federal Defendants further move the Court to

14  dismiss the First, Second, and Eighth Causes of Action because, as to the Federal Defendants,

15  these causes of action are untimely and fail to state a claim upon which relief can be granted.

16  Pursuant to Rule 12(e), the Federal Defendants alternatively move for an order requiring Plaintiff

17  to provide a more definite statement of his First, Second, and Eighth Causes of Action, which are

18  so vague that the Federal Defendants cannot reasonably prepare a response to them.  The motion

19  is based on this Notice, the attached Memorandum of Points and Authorities, the Court's files

20  and records in this matter and/or other matters of which the Court takes judicial notice, and any

21  oral argument that may be presented to the Court.

22

23  DATED: January 22, 2013              Respectfully submitted,

24                                       MELINDA HAAG
                                         United States Attorney
25

26                                        /s/ Mark R. Conrad
                                         MARK R. CONRAD
27                                       Assistant United States Attorney

28

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff alleges that Defendant Morpho Detection, Inc., suspended and ultimately terminated his employment when, in early 2010, he failed an "eQuip background investigation." *See* Dkt. No. 23 ¶¶ 10-12, 14, 16.  According to the First Amended Complaint, as a result of the criminal history unearthed by the background check, Plaintiff became "ineligible to work" on jobs that Morpho Detection had allegedly contracted to perform for the Transportation Security Administration ("TSA").   Plaintiff claims that he was "the victim of identity theft" and that the background check disqualifying him from such work contained inaccuracies. *Id.* ¶ 13.  Based on these allegations, Plaintiff asserts six causes of action against his former employer. *Id.* ¶¶ 22-41. He also asserts four claims against Defendants United States Department of Homeland Security, TSA, and Janet Napolitano ("Federal Defendants"). *Id.* ¶¶ 22-25, 46-48.  Three of the claims Plaintiff asserts against the Federal Defendants are the subject of this motion to dismiss.[1]

Plaintiff's First and Second Causes of Action allege willful and negligent violations, respectively, of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1581-1581x. *Id.* ¶¶ 23, 25.   These two claims must be dismissed as to the Federal Defendants for multiple reasons. First, the FCRA contains no waiver of the United States' sovereign immunity, and as a result, this Court lacks subject matter jurisdiction to review Plaintiff's claims under that statute. Second, Plaintiff's First and Second Causes of Action are subject to dismissal because they raise

---

[1] Plaintiff's Seventh Cause of Action against the Federal Defendants asserts a violation of the Freedom of Information Act ("FOIA") and is not challenged on this motion to dismiss. *See* Dkt. No. 23 ¶¶ 42-45.  On January 15, 2013, Defendant TSA issued a response to Plaintiff's FOIA request and produced documents located after a reasonable and diligent search in response to his request.  Thus, although not addressed in this motion, Plaintiff's fourth claim against the Federal Defendants is now moot and therefore also subject to dismissal.  *See Voinche v. Fed. Bureau of Investigation*, 999 F.2d 962, 963 (5th Cir. 1993).  This claim will be addressed in a forthcoming motion for summary judgment if the parties are unable to dispose of this claim without the need for judicial intervention.  Defendant notes, however, that there is no legal basis for Plaintiff's apparent prayer for monetary damages on his FOIA claim.  *See* Dkt. No 23 ¶ 45; *Johnson v. Exec. Office for U.S. Attorneys*, 310 F.3d 771, 777 (D.C. Cir. 2002) (noting that FOIA "provides requesters with the potential for injunctive relief only, either to enjoin the withholding of documents or to compel production of agency records"); *Ross v. United States*, 460 F.Supp.2d 139, 151 (D.D.C. 2006) ("It is well-settled that monetary damages are not available under FOIA.").

a non-justiciable controversy about the executive branch's decision to deny a security clearance. Third, according to Plaintiff's affirmative allegations and the exhibits attached to the FAC, his claims against the Federal Defendants under the FCRA are time-barred. Finally, even if the First and Second Causes of Action could be adjudicated by this Court, which they cannot, and even if they were timely, which they are not, the FAC fails to state a viable claim under the FCRA with the specificity required under Rule 8.

Plaintiff's Eighth Cause of Action requests declaratory relief in the form of an order determining whether Plaintiff "can pass an eQuip background check or otherwise be cleared to work for the Federal government or businesses that contract with the Federal government." *Id.* ¶ 47. A claim for declaratory judgment, however, cannot stand on its own. Since Plaintiff has failed to state an actionable claim against the Federal Defendants for the violation of any substantive right related to his eligibility for employment, Plaintiff's claim for a declaratory judgment on this issue must be dismissed as well. Further, Plaintiff's Eighth Cause of Action is subject to dismissal because, even assuming that the FCRA waives the immunity of the Federal Defendants, which it does not, the FCRA does not permit a private plaintiff to pursue a claim for declaratory relief.

## I.    BACKGROUND.

The facts alleged in Plaintiff's First Amended Complaint ("FAC") are as follows. In September 2004, Plaintiff began working for Invision Technologies, a company that in 2009 either became or was acquired by Defendant Morpho Detection, Inc. Dkt. No. 23 ¶ 8. Plaintiff was employed as a field service technician at Los Angeles International Airport. *Id.*

In or around January 2010, Plaintiff was required to go through an "eQuip background investigation." *Id.* ¶ 10. Plaintiff's background check indicated that Plaintiff had a criminal history including at least four prior criminal acts. *Id.* ¶ 12. As a result of the criminal history that was revealed during this background check, TSA sent a letter to Plaintiff stating that he was ineligible to continue working on TSA equipment. *Id.* ¶ 11. Morpho Detection suspended Plaintiff's employment, with pay, and then ultimately terminated him. *Id.* ¶¶ 14, 16.

1    Plaintiff alleges that the criminal history attributed to him during his background check

2    was inaccurate.  Of the four criminal offenses identified in the background check, Plaintiff claims

3    that three of them were committed by someone else and attributed to him because he is the

4    "victim of identity theft."  *Id.* ¶ 13.  Plaintiff claims that the information reported about the fourth

5    crime—a 1990 conviction for "maiming/assaulting and battery"—is inaccurate because Plaintiff

6    "recalls the case was dismissed."  *Id.*

7    On March 29, 2012, Plaintiff filed this action against Morpho Detection only.  Dkt. No. 1.

8    Six months later, on October 10, 2012, Plaintiff obtained a stipulation from Morpho Detection to

9    amend his complaint.  *See* Dkt. No. 21.  Plaintiff then filed his First Amended Complaint, which

10   added the Federal Defendants as parties and, as described above, asserts four claims against

11   them.  *See* Dkt. No. 23 ¶¶ 4-5, 22-25, 42-47.

12   **II.    LEGAL STANDARDS.**

13   **A.    Rule 12(b)(1): Motion To Dismiss for Lack of Subject Matter Jurisdiction.**

14   A motion to dismiss under Rule 12(b)(1) tests the subject matter jurisdiction of the Court.

15   *See, e.g.*, *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039-40 (9th Cir. 2003).  When

16   considering a motion to dismiss for lack of subject matter jurisdiction, a federal district court is

17   not restricted to the face of pleadings, but may review any evidence, such as affidavits and

18   testimony, to resolve factual disputes concerning existence of jurisdiction.  *McCarthy v. United*

19   *States*, 850 F.2d 558, 560 (9th Cir. 1988).  More importantly, the burden of proof on a Rule

20   12(b)(1) motion is on the party invoking the Court's jurisdiction.  *Sopcak v. No. Mountain*

21   *Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995).  "Federal courts are courts of limited

22   jurisdiction. . . .  It is to be presumed that a cause lies outside this limited jurisdiction, and the

23   burden of establishing the contrary rests upon the party asserting jurisdiction."  *Kokkonen v.*

24   *Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  Thus, in this case,

25   Plaintiff bears the burden of establishing that this Court has jurisdiction over his claims.

26   **B.    Rule 12(b)(6): Motion To Dismiss Claims as Untimely.**

27   On a motion to dismiss under Rule 12(b)(6), a claim may be dismissed "on the ground

28   that it is barred by the applicable statute of limitations" when "the running of the statute is

1   apparent on the face of the complaint" and it is "beyond doubt that the plaintiff can prove no set

2   of facts that would establish the timeliness of the claim." *Von Saher v. Norton Simon Museum of*

3   *Art*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992,

4   997 (9th Cir. 2006) and *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir.

5   1995)) (internal quotation marks omitted).

6           **C.      Rule 12(b)(6): Motion To Dismiss for Failure To State a Claim.**

7           On a motion to dismiss under Rule 12(b)(6), a district court must dismiss the complaint if

8   it fails to state a claim upon which relief can be granted.  When considering a Rule 12(b)(6)

9   motion, a Court must accept as true all allegations and material facts and must construe those

10  facts in a light most favorable to the plaintiff.   *Sprewell v. Golden State Warriors*, 266 F.3d 979,

11  988 (9th Cir. 2001). However, a "court [is not] required to accept as true allegations that are

12  merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.*  To survive

13  a motion to dismiss, Plaintiff must allege "enough facts to state a claim to relief that is plausible

14  on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This "facial plausibility"

15  standard requires Plaintiff to allege facts that add up to "more than a sheer possibility that a

16  defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

17          **D.      Rule 12(e): Motion for a More Definite Statement.**

18          Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim

19  showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A defendant "may move

20  for a more definite statement of a pleading to which a responsive pleading is allowed but which

21  is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P.

22  12(e).  A motion for a more definite statement should be granted "where the complaint is so

23  indefinite that the movant cannot ascertain the nature of the claim being asserted, and, as a result,

24  cannot craft a response." *Yufa v. Lighthouse Worldwide Solutions, Inc.*, 2009 WL 1690511,  at *1

25  (N.D. Cal. June 16, 2009), 2009 WL 1690511 (citing *Famolare, Inc. v. Edison Bros. Stores, Inc.*,

26  525 F.Supp. 940, 949 (E.D.Cal.1981)).

27  //

28  //

MOTION TO DISMISS
Case No. C 12-01581 CW              5

III.    ARGUMENT.

   A.    Plaintiff's FCRA Claims Must Be Dismissed Because the Federal Defendants
         Are Immune from Suit.

   "The basic rule of federal sovereign immunity is that the United States cannot be sued at

all without the consent of Congress." *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*,

461 U.S. 273, 287 (1983); *see also Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) ("[T]he

United States, as sovereign, is immune from suit save as it consents to be sued.")  This rule of

immunity applies to "all federal agencies." *Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1997);

*see also Gerritsen v. Consulado General de Mexico*, 989 F.2d 340, 343 (9th Cir. 1993).  "A court

lacks subject matter jurisdiction over a claim against the United States if it has not consented to

be sued on that claim." *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*,

482 F.3d 1157, 1173 (9th Cir. 2007); *see also United States v. Mottaz*, 476 U.S. 834, 841 (1986)

("When the United States consents to be sued, the terms of its waiver of sovereign immunity

define the extent of the court's jurisdiction." (citing *United States v. Sherwood*, 312 U.S. 584,

586-87 (1941)).  Any waiver of sovereign immunity must be both "unequivocally expressed,"

*Hodge*, 107 F.3d at 707, and "strictly construed in favor of the United States," *Jerves v. United

States*, 966 F.2d 517, 521 (9th Cir. 1992).

   Here, Plaintiff asserts two claims under the FCRA.  However, the FCRA contains no

waiver of the United States' sovereign immunity.  As the Supreme Court explained in *United

States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992), in order to be effective, any waiver of

the United States' sovereign immunity must be "unequivocally expressed." *Id.* at 33-34 (quoting

*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990) (quoting *United States v. Mitchell*, 445

U.S. 535, 538 (1980) and *United States v. King*, 395 U.S. 1, 4 (1969))).  No such unequivocal

expression of waiver exists in the FCRA, which is why federal courts overwhelmingly have held

that the FCRA does not waive the immunity of the United States and that federal courts lack

jurisdiction to entertain claims for money damages that are asserted against federal agencies

under that statute.  *Al-Malik v. United States Dep't of Educ.*, No. C 11-02339 WHA, 2011 WL

3809866, at *3 (N.D. Cal. Aug. 29, 2011) ("Plaintiff's argument that the FCRA waives sovereign

immunity . . . is unconvincing."); *Taylor v. United States*, No. CV-09-2393-PHX-DGC, 2011 WL 1843286, at *5 (D. Ariz. May 16, 2011) ("Nor has [plaintiff] shown a waiver of sovereign immunity under the FCRA."); *Gillert v. United States Dep't of Educ.*, No. 08-6080, 2010 WL 3582945, at *3-4 (W.D. Ark. Sept. 7, 2010) ("Plaintiff has not cited to any provision in the FCRA that expressly waives the federal government's sovereign immunity."); *Ralph v. U.S. Air Force MGIB*, No. 06-cv-02211-ZLW-KLM, 2007 WL 3232593, *3 (D. Colo. 2007) ("Plaintiff's Complaint appears to assert a cause of action under the Fair Credit Reporting Act. However, the United States has not consented to suit under that statute."); *Kenney v. Barnhart*, No. SACV 05-426-MAN, 2006 WL 2092607, at *9 (C.D. Cal. July 26, 2006) ("First, Plaintiff has not shown that the United States has consented to be sued under any of these provisions.").[2]

_____

[2] The Federal Defendants are aware of only one case in which a federal court has held that the FCRA waived the United States' sovereign immunity, and that case is no longer good law. In *Talley v. United States Department of Agriculture*, the Northern District of Illinois permitted the plaintiff to sue a federal agency under the FTCA, and the Seventh Circuit affirmed. *See* No. 07-C-0705, 2009 WL 303134 (N.D. Ill. Feb 4, 2009), *aff'd* 595 F.3d 754 (7th Cir. 2010). The Seventh Circuit ruled that, although the FCRA does not contain an express waiver of sovereign immunity, such a waiver was nonetheless supplied by the Tucker Act, and specifically 28 U.S.C. § 1346(a)(2), which authorizes certain claims against the United States "not sounding in tort." 595 F.3d at 759-60. The Seventh Circuit case was called *en banc*, and the panel's ruling was vacated; the judgment of the district court was affirmed by an equally divided *en banc* court, without opinion. *Talley v. U.S. Dep't of Agric.*, 2010 WL 588776 (7th Cir. Oct. 1, 2010). Accordingly, the panel's decision is without precedential value. *See Ohio v. Price*, 364 U.S. 263, 264 (1960).

Moreover, and more importantly, the Supreme Court's recent decision in *United States v. Bormes*, 133 S. Ct. 12, 19 (2012), directly repudiates the reasoning of the Seventh Circuit panel's decision in *Talley*, holding that 28 U.S.C. § 1346(a)(2) does *not* waive the United States' sovereign immunity "with respect to damages actions for violations of the Fair Credit Reporting Act (FCRA)." *Id.* at 15. In *Bormes*, the Supreme Court reiterated that the general waiver of sovereign immunity in Section 1346(a) "is displaced . . . when a law assertedly imposing monetary liability on the United States contains its own judicial remedies." *Id.* at 18. The Supreme Court held that, because the FCRA contains its own "self-executing remedial scheme," a civil plaintiff cannot rely upon the "gap-filling role of the Tucker Act" as a basis for asserting a claim against the federal government for money damages. *Id.* Instead, any waiver of the government's sovereign immunity must come directly from the statute on which the claim is based, *i.e.* the FCRA. *See id.* at 18-20. The Supreme Court remanded *Bormes* for the Seventh Circuit to determine whether the FCRA itself contains a waiver of the United States' sovereign

1    The FAC alleges that jurisdiction exists under the "Federal Tort Claims Act" ("FTCA")

2    and cites two statutory provisions as a jurisdictional basis for the claims he asserts. *See* Dkt. No.

3    23 ¶ 7 (citing 28 U.S.C. §§ 1346(b), 2674). Yet neither of the provisions cited by Plaintiff

4    provides the waiver he needs to sue the Federal Defendants under the FCRA. Section 2674 states

5    that the United States shall be liable for "tort claims . . . in the same manner and to the same

6    extent as a private individual under like circumstances." 28 U.S.C. § 2674. The broad waiver of

7    immunity in Section 2674 is limited, however, by Section 1346(b), which clarifies that district

8    courts have jurisdiction over claims based on the "negligent or wrongful act or omission of any

9    employee of the Government" only "if a private person, would be liable to the claimant *in*

10   *accordance with the law of the place where the act or omission occurred*." 28 U.S.C. §

11   1346(b)(1) (emphasis added). In other words, the FTCA provides jurisdiction only for tort

12   claims asserted under the substantive law of a state, not claims asserted under federal statutes.

13   *See, e.g.*, *FDIC v. Meyer*, 510 U.S. 471, 478 (1994) (noting that the "law of the State" is the

14   "source of substantive liability under the FTCA"); *Schwarder v. United States*, 974 F.2d 1118,

15   1122 (9th Cir. 1992) ("Thus, the FTCA directs us to look to the law of the state in which the

16   government official committed the tort to determine the scope of sovereign immunity."). The

17   FTCA provides no jurisdiction basis for Plaintiff's First and Second Causes of Action, since the

18   FCRA is a *federal* statute. *Love v. United States*, 60 F.3d 642, 644 (9th Cir. 1995) ("The breach

19   of a duty created by federal law is not, by itself, actionable under the FTCA."); *see also Delta*

20   *Savings Bank v. United States*, 265 F.3d 1017, 1026 (9th Cir. 2001).

21   //

22   //

23   //

24

---

25   immunity. *Id.* at 20. The Seventh Circuit has not yet answered that question, but other federal

26   courts have overwhelmingly answered it in the negative. *Al-Malik*, 2011 WL 3809866, at *3;
     *Taylor*, 2011 WL 1843286, at *5; *Gillert*, 2010 WL 3582945, at *3-4; *Ralph*, 2007 WL 3232593,

27   at *3; *Kenney*, 2006 WL 2092607, at *9. Because the FCRA does not contain a waiver of the
     United States' sovereign immunity, this Court lacks jurisdiction over the claims Plaintiff has

28   asserted against the Federal Defendants.

1
2

**B.     Plaintiff's FCRA Claims Present a Non-Justiciable Controversy Regarding Executive Decisions on Security Clearances.**

3      Plaintiff's effort to obtain judicial review of TSA's security clearance determination is

4   also barred under the Supreme Court's decision in *Department of Navy v. Egan*, 484 U.S. 518

5   (1988).  In *Egan*, the Navy terminated a civilian laborer from his position at a nuclear ballistic

6   missile submarine base, based on its denial of a security clearance that was necessary for his

7   employment there.  *Id.* at 521-22.  The Supreme Court observed that "the grant or denial of

8   security clearances [is] an inexact science at best" that must be entrusted to "those with the

9   necessary expertise in protecting classified information."  *Id.* at 529.   Security clearance

10  determinations, like foreign policy, fall into the category of executive duties under Article II,

11  where "courts have traditionally shown the utmost deference to Presidential responsibilities."  *Id.*

12  at 529-30.  The Supreme Court thus ruled in *Egan* that the employee could not challenge the

13  Navy's decision to deny him a security clearance in a proceeding before the Merit Systems

14  Protection Board ("MSPB").  *Id.*

15      The Ninth Circuit has applied *Egan* to bar all judicial review regarding the merits of a

16  security clearance determination.  *Dorfmont v. Brown*, 913 F.2d 1399, 1401 (9th Cir. 1990).  In

17  *Dorfmont*, the court concluded that "[w]e have no more business reviewing the merits of a

18  decision to grant or revoke a security clearance than does [the MSPB]."  *Id.*  The Ninth Circuit

19  has thus ruled that the federal courts may not review, for example, employment actions under

20  Title VII that implicate a security clearance.  *Brazil v. United States Dep't of Navy*, 66 F.3d 193,

21  196 (9th Cir. 1995).  That same rule of law applies with equal force to Plaintiff's effort to revisit

22  his security clearance determination in this case under the auspices of the FCRA.  *See Bennett v.

23  Chertoff*, 425 F.3d 999 (D.C. Cir. 2005) (interpreting *Egan* to preclude judicial review of claims

24  regarding TSA's decision not to hire plaintiff due to information gathered "as part of a

25  background check for a security clearance").  Nor can Plaintiff assert that review would be

26  appropriate as a matter of due process, as individuals do not have a protected interested in a

27  security clearance, and therefore no due process protections apply.  *Dorfmont*, 913 F.2d at 1403.

28  Accordingly, Plaintiff's First and Second Causes of Action, both of which necessarily implicate

1  the merits of the TSA's background check and its determination that Plaintiff was disqualified

2  from working for the agency's contractors, should be dismissed as a non-justiciable controversy

3  under *Egan.*

4  **C.    Plaintiff's FCRA Claims Are Untimely.**

5  The FAC alleges that Plaintiff received a letter dated March 9, 2010, informing him that

6  TSA had disqualified him from receiving a security clearance based on the criminal history

7  revealed his "eQuip background investigation." Dkt. No. 23 ¶¶ 11-13 & Ex. 2.  The FAC further

8  alleges that Plaintiff responded to this letter three days later, on March 12, 2010, in a letter to

9  TSA stating that he was "a victim of identity theft" and that he did not commit some of the

10  crimes attributed to him in his background check.  *See id.* ¶ 13 & Ex. B at 1.  Plaintiff did not file

11  this suit until March 29, 2012, two years and seventeen (17) days after he wrote to the TSA about

12  the same allegations he has raised in this action.  Dkt. No. 1.

13  Under the FCRA, a plaintiff must file suite within two years "after the date of discovery

14  by the plaintiff of the violation that is the basis for such liability."  15 U.S.C. § 1681p.  It is

15  therefore clear from the face of the complaint that, with respect to any alleged wrongdoing by the

16  Federal Defendants, Plaintiff knew of "the violation that is the basis for [his claims]" not later

17  than March 12, 2010, and that he failed to file suit until more than two years later, on March 29,

18  2012.[3]  Accordingly, Plaintiff's claims under the FCRA are time-barred and must be dismissed

19  under Rule 12(b)(6).  *Von Saher*, 592 F.3d at 969 (quoting *Huynh*, 465 F.3d at 997).

20  **D.    Plaintiff's Amended Complaint Fails To State a Claim Under the FCRA.**

21  Finally, assuming Plaintiff could identify a qualifying waiver of sovereign immunity as to

22  his First and Second Causes of Action, which he cannot, and assuming that those claims were

23  timely, which they are not, Plaintiff's First and Section Causes of Action still should be

24  dismissed because they fail to state a claim upon which relief can be granted.  Federal Rule of

---

[3] In fact, Plaintiff did not assert his claims against the Federal Defendants until October 10, 2012.  For purposes of this motion, however, the Federal Defendants assume, without conceding, that the allegations made against them in the FAC would "relate back" to the date of the filing of the original complaint on March 12, 2012.  *See* Fed. R. Civ. P. 15(c).

Civil Procedure 8(a) requires that Plaintiff, in setting forth each claim for relief, provide sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotations omitted). A complaint which falls short of this Rule 8(a) standard may be dismissed pursuant to Rule 12(b)(6) for failure to state a claim. *Iqbal*, 556 U.S. at 678-80. As set forth more specifically below, Plaintiff's conclusory allegations that the Federal Defendants willfully or negligently "failed to comply with the requirements of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*.," Dkt. No. 23 ¶¶ 23, 25, are too vague to state a claim for relief.

The FCRA creates a "detailed remedial scheme" providing various different forms of relief that are "carefully circumscribed, time-limited, [and] plaintiff-specific." *Bormes*, 133 S.Ct. at 19 (quoting *Hinck v. United States*, 550 U.S. 501, 507 (2007)). The FCRA is codified across twenty-four separate sections of the United States Code, and it imposes detailed and complicated obligations on the various parties governed that it governs, which are defined in 15 U.S.C. § 1681a. Although the FAC specifically alleges what conduct Plaintiff contends is unlawful with respect to Morpho Detection, and specifically identifies the statutory provisions that Plaintiff contends were violated by that company, *see* Dkt. No. 23 ¶ 17, the FAC contains no such specificity regarding the allegedly unlawful conduct of the Federal Defendants. Plaintiff's failure to specify the basis for his claims against the Federal Defendants is especially problematic because the federal courts have consistently held that federal agencies are not "consumer reporting agencies" as that term is used under the FCRA, *see, e.g.*, *Ollestad v. Kelley*, 573 F.2d 1109, 1110-11 (9th Cir. 1978), and thus are not subject to many of the statutory requirements that might form the basis for a cause of action against a proper FCRA defendant, *see, e.g.*, 15 U.S.C. §§ 1681b(a), (c), (e), (g), 1681c, 1681c-1, 1681c-2, 1681d(a)(2), 1681e–1681*l*, 1681s-1.

A civil complaint "must at least set forth enough details so as to provide defendant and the court with a fair idea of the basis of the complaint and the legal grounds claimed for recovery." *Self Directed Placement Corp. v. Control Data Corp.*, 908 F.2d 462, 466 (9th Cir. 1990). Plaintiff's failure to do so here with respect to the Federal Defendant's requires dismissal of his FCRA claims under Rule 12(b)(6), or alternatively, an order requiring Plaintiff to provide a

1  more definite statement of his fatally vague First and Second Causes of Action, pursuant to Rule

2  12(e). *Yufa*, 2009 WL 1690511, at *1 (motion for more definite statement should be granted

3  "where the complaint is so indefinite that the movant cannot ascertain the nature of the claim

4  being asserted, and, as a result, cannot craft a response." (citing *Famolare, Inc. v. Edison Bros.*

5  *Stores, Inc.*, 525 F.Supp. 940, 949 (E.D.Cal.1981))).

6  **E.    Plaintiff Fails To Identify a Valid Basis for Declaratory Relief.**

7  Plaintiff's Eighth Cause of Action —which is asserted only against the Federal

8  Defendants—seeks a judicial declaration that he "can pass an eQuip background check" and be

9  "cleared to work for the Federal government or businesses that contract with the Federal

10  government.  Dkt. No. 23 ¶ 48.  This claim is defective and must be dismissed, either for lack of

11  subject matter jurisdiction under Rule 12(b)(1) or for failure to state a claim on which relief can

12  be granted under Rule 12(b)(6).

13  As an initial matter, Plaintiff's Complaint fails to identify any jurisdictional basis for his

14  request for declaratory relief.  *See id.* ¶¶ 6-7, 46-48.  Although the Declaratory Judgment Act

15  authorizes district courts to grant declaratory relief where a substantive claim for relief otherwise

16  lies, *see* 28 U.S.C. §§ 2201-2202, those provisions do not serve as an independent basis for

17  jurisdiction, *see Countrywide Home Loans, Inc., v. Mortgage Guar. Ins. Corp.*, 642 F.3d 849,

18  853 (9th Cir. 2011).  As explained above, no jurisdiction exists over Plaintiff's First and Second

19  Causes of Action against the Federal Defendants, and so no jurisdiction exists over Plaintiff's

20  related and dependent claim for declaratory relief, either.  *Shroyer v. New Cingular Wireless*

21  *Servs., Inc.*, 622 F.3d 1035, 1044 (9th Cir. 2010); *Hoeck v. City of Portland*, 57 F.3d 781, 787

22  (9th Cir. 1995).  Furthermore, even if Plaintiff could sue the Federal Defendants under the

23  FCRA, courts have consistently held that the FCRA does not authorize a private suit for

24  injunctive or declaratory relief.  *Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 268-69

25  (5th Cir. 2000) ("Congress vested the power to obtain injunctive relief solely with the FTC.");

26  *Howard v. Blue Ridge Bank*, 371 F. Supp. 2d 1139, 1145 (N.D. Cal. 2005); *see also Hogan v.*

27  *PMI Mortg. Ins. Co.*, No. C 05-3851 PJH, 2006 WL 1310461, at *9 (N.D. Cal. May 12, 2006).

28  Accordingly, Plaintiff's Eighth Cause of Action must be dismissed.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IV.     CONCLUSION.**

Plaintiff's claims against the Federal Defendants must be dismissed, and because any effort to amend Plaintiff's claims would be futile, the Federal Defendants respectfully request that the Court deny leave to amend.  *McKesson HBOC, Inc. v. New York State Common Ret. Fund, Inc.*, 339 F.3d 1087, 1090 (9th Cir. 2003) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 692 (9th Cir. 2001)).

DATED: January 22, 2013                    Respectfully submitted,
                                           MELINDA HAAG
                                           United States Attorney


                                            */s/ Mark R. Conrad*
                                           MARK R. CONRAD
                                           Assistant United States Attorney

MOTION TO DISMISS
Case No. C 12-01581 CW                     13