**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STEPHEN ECHOLS,                              No. C 12-1581 CW

     Plaintiff,                          ORDER GRANTING
                                             FEDERAL
  v.                                         DEFENDANTS' MOTION
                                             TO DISMISS (Docket
MORPHO DETECTION, INC.; UNITED               No. 36) AND
STATES DEPARTMENT OF HOMELAND                CONTINUING CASE
SECURITY; TRANSPORTATION SECURITY            MANAGEMENT
AGENCY; and JANET NAPOLITANO, in             CONFERENCE
her official capacity as
Secretary of Homeland Security,

     Defendants.

_____/

    Defendants United States Department of Homeland Security
(DHS), Transportation Security Agency (TSA) and Secretary of
Homeland Security Janet Napolitano (collectively, Federal
Defendants) move to dismiss three of the claims asserted against
them by Plaintiff Stephen Echols.  Plaintiff opposes their motion
and, in his opposition brief, requests leave to bring additional
claims against them.  The Court takes Federal Defendants' motion
under submission on the papers and GRANTS it.  The Court also
grants Plaintiff leave to file a motion for leave to amend his
complaint to assert new claims against Federal Defendants.

BACKGROUND

    The following facts are taken from Plaintiff's first amended
complaint (1AC).

    In September 2004, Plaintiff began working for Invision
Technologies.  1AC ¶ 8.  That company became or was acquired by
Defendant Morpho Detection, Inc. in or about 2009.  Id.  Morpho

Detection has contracts with DHS and TSA to provide airport security.  Id. at ¶ 9.  Plaintiff was employed as a field service technician at the Los Angeles International Airport.  Id. at ¶ 8.

Prior to March 9, 2010, Plaintiff passed all government airport and company background checks that he underwent.  Id.

In or around January 2010, TSA required all of Morpho Detection's engineers, including Plaintiff, to undergo an "eQuip background investigation."  Id. at ¶ 10.

Plaintiff received a letter from TSA dated March 9, 2010, stating that he was "ineligible to work on any TSA contract based on the following issues identified during" the background investigation:

CRIMINAL CONDUCT

• GRAND THEFT, $/LABOR/PROP $400+, 1/1/2007, Gardena Police Department, CA.

• BURGLARY OF IDENT/ 1 COUNT OF THREATEN CRIME WITH INTENT TO TERRORIZE/ 1 COUNT STALKING, 2/9/1999, Superior Court Los Angeles, CA.  Sentence: CONVICTED, probation/jail 240 days/36 months.

• MAIMING/ASSAULT & BATTERY, 11/25/1990, Hampton Police Department, VA.  Sentence: 6 months suspend, 6 months for 5 years.

HONESTY

• You failed to list most recent charge, GRAND THEFT, $/LABOR/PROP $400+, on your SF85P.

1AC ¶ 11, Ex. 2 (all errors in original).[1]

---

[1] In the copy of the letter attached to the 1AC, the words "EXPUNGED & DISMISSED" are written next to the second item under the heading "Criminal Conduct."  1AC ¶ 11, Ex. 2.

United States District Court
For the Northern District of California

Plaintiff alleges that he was not the person who committed the crimes identified in the first or second items under "Criminal Conduct" or the item under "Honesty" and that he "was the victim of identity theft." Id. at ¶ 13. He also alleges that the third item under "Criminal Conduct" was "inaccurate in that the plaintiff recalls the case was dismissed." Id.

In March 2010, Plaintiff received a telephone call from his manager, David Fox, who told him that he was being placed on suspension with pay. Id. at ¶ 15. Plaintiff was terminated on March 31, 2010. Id. at ¶ 16.

After he received the letter from the TSA, Plaintiff communicated "with TSA and Morpho explaining the identity theft issue and the alleged conviction in 1990." Id. at ¶ 15. Despite his repeated requests, TSA failed to provide Plaintiff with a copy of his background report. Id.

Plaintiff filed this case on March 29, 2012, originally asserting claims against Morpho Detection only. Docket No. 1. On October 12, 2012, the Court granted the parties' stipulation to allow Plaintiff to file his 1AC. Docket Nos. 23, 25.

In his 1AC, Plaintiff asserts four claims against Federal Defendants: (1) willful violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681-1681x; (2) negligent violation of the FRCA; (3) violation of the Freedom of Information Act (FOIA), 5 U.S.C. § 552; and (4) declaratory relief that Plaintiff is eligible to be employed by the federal government or organizations that require passage of the eQuip background check. As relief for his FCRA claims, among other things, Plaintiff seeks "damages

exceeding $300,000.00 which is the approximate equivalent of four (4) years of salary with the related benefits."  1AC ¶¶ 23, 25.

Federal Defendants move to dismiss the FCRA claims and declaratory relief claim.  In the instant motion, they do not seek to dismiss the FOIA claim.

LEGAL STANDARDS

I.   Federal Rule of Civil Procedure 12(b)(1)

Subject matter jurisdiction is a threshold issue which goes to the power of the court to hear the case.  Federal subject matter jurisdiction must exist at the time the action is commenced.  Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988).  A federal court is presumed to lack subject matter jurisdiction until the contrary affirmatively appears.  Stock W., Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989).

Dismissal is appropriate under Rule 12(b)(1) when the district court lacks subject matter jurisdiction over the claim.  Fed. R. Civ. P. 12(b)(1).  Once subject matter jurisdiction has been challenged, the plaintiff has the burden of establishing its existence.  Rattlesnake Coal. v. United States Envtl. Prot. Agency, 509 F.3d 1095, 1102 n.1 (9th Cir. 2007).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual."  Safe Air v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000)).  "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  Id.

**United States District Court**
For the Northern District of California

4

**United States District Court**
For the Northern District of California

When a facial attack is made, the court's inquiry is confined to the allegations in the complaint.  <u>Savage v. Glendale Union High Sch. Dist. No. 205</u>, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003) (citation omitted).  Review is similar to that of a motion made under Rule 12(b)(6) and the allegations made in the complaint are taken as true and construed in the light most favorable to the plaintiff.  <u>Love v. United States</u>, 915 F.2d 1242, 1245 (9th Cir. 1989).

Because Federal Defendants do not submit any evidence beyond the complaint with their motion and instead contend that the allegations set forth in Plaintiff's 1AC, even if true, are insufficient on their face to invoke federal jurisdiction, they raise a facial attack on jurisdiction.

II.  Federal Rule of Civil Procedure 12(b)(6)

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff.  <u>NL Indus., Inc. v. Kaplan</u>, 792 F.2d 896, 898 (9th Cir. 1986).  However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not

**United States District Court**
For the Northern District of California

taken as true.  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Twombly</u>, 550 U.S. at 555).

A statute of limitations defense may be raised by a motion to dismiss if the running of the relevant statute of limitations is apparent on the face of the complaint.  <u>Ledesma v. Jack Stewart Produce, Inc.</u>, 816 F.2d 482, 484 n.1 (9th Cir. 1987).  When a motion to dismiss is based on the running of a statute of limitations, the motion can be granted "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled."  <u>Jablon v. Dean Witter & Co.</u>, 614 F.2d 677, 682 (9th Cir. 1980) (citation omitted).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile.  <u>Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.</u>, 911 F.2d 242, 246-47 (9th Cir. 1990).  In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint."  <u>Reddy v. Litton Indus., Inc.</u>, 912 F.2d 291, 296 (9th Cir. 1990).

Although the court is generally confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion.  <u>Durning v. First Boston Corp.</u>, 815 F.2d 1265, 1267 (9th Cir. 1987).

DISCUSSION

Federal Defendants move to dismiss Plaintiff's FCRA and declaratory relief claims on several bases. First, they contend that FCRA does not waive sovereign immunity for damages claims against the government. Second, they argue that the claims are non-justiciable and that judicial review of a security clearance determination is not available. Third, they maintain that Plaintiff has not stated a claim for relief under the FCRA. Further, they argue that the FCRA claims are barred by the statute of limitations. Finally, they contend that Plaintiff has not identified any tenable basis for his declaratory relief claim.

I.   Sovereign Immunity

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." United States v. Mitchell, 463 U.S. 206, 212 (1983). "The doctrine of sovereign immunity applies to federal agencies and to federal employees acting within their official capacities." Hodge v. Dalton, 107 F.3d 705, 707 (9th Cir. 1997) (quoting South Delta Water Agency v. Dep't of Interior, 767 F.2d 531, 536 (9th Cir. 1985)). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text . . . and will not be implied . . ." Lane v. Pena, 518 U.S. 187, 192 (1996) (citations omitted). "Any ambiguities in the statutory language are to be construed in favor of immunity, . . . so that the Government's consent to be sued is never enlarged beyond what a fair reading of the text requires, . . ." Fed. Aviation Agency v. Cooper, 132 S. Ct. 1441, 1448 (2012) (internal citations omitted). "Ambiguity exists if there is a

plausible interpretation of the statute that would not authorize money damages against the Government." Id.

Plaintiff contends that the FCRA contains an express waiver of sovereign immunity. He points out that the FCRA defines "person" to mean "any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity," 15 U.S.C. § 1681a (emphasis added), and that it states, "Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer . . ." 15 U.S.C. § 1681n (emphasis added). See also 15 U.S.C. § 1681o (similar provision imposing liability on "any person" who negligently fails to comply with the FCRA's requirements). Plaintiff does not maintain that any statute other than the FCRA is the source of a waiver of sovereign immunity for the damages claims that he has asserted here.

Although neither the Ninth Circuit nor the Supreme Court has addressed the issue, most courts that have done so have held that the FCRA does not contain an unequivocal waiver of sovereign immunity in its text. See Taylor v. United States, 2011 WL 1843286, at *5 (D. Ariz.) (holding that the plaintiff had not shown an unequivocal waiver of sovereign immunity under the FCRA); Gillert v. United States Dep't of Educ., 2010 WL 3582945, at *3-4 (W.D. Ark.) (same); Ralph v. U.S. Air Force MGIB, 2007 WL 3232593, at *3 (D. Colo.) (same); Kenney v. Barnhart, 2006 WL 2092607, at *9 (C.D. Cal.) (same); but see Talley v. U.S. Dep't of Agric., 2007 WL 2028537, at *2 (N.D. Ill.) (finding waiver of sovereign immunity in the FCRA), aff'd on other grounds, 595 F.3d 754 (7th

8

United States District Court
For the Northern District of California

Cir. 2010) (finding waiver of sovereign immunity in the Tucker
Act), vacated, 2010 U.S. App. LEXIS 12927, judgment affirmed by
equally divided court on reh'g en banc, 2010 WL 5887796 (7th Cir.
2010).

Although he has quoted the statutory text, Plaintiff has not
shown that these provisions contain an unequivocal waiver of
sovereign immunity.  He has also failed to address the numerous
decisions in which other courts have held that they do not.
Further, the Court notes that most other federal statutes that
have unequivocally waived sovereign immunity have done so in much
clearer terms than the statutory provisions at issue here.  For
example, the Federal Tort Claims Act authorizes "claims against
the United States, for money damages . . . for injury or loss of
property or personal injury or death caused by the negligent or
wrongful act or omission of any employee of the Government while
acting within the scope of his office or employment . . ."  28
U.S.C. § 1346(b)(1); see also 42 U.S.C. § 2000e-5(k) ("In any
action or proceeding under this subchapter . . . the United States
shall be liable for costs the same as a private person."); 26
U.S.C. § 7433(a) ("If, in connection with any collection of
Federal tax with respect to a taxpayer, any officer or employee of
the Internal Revenue Service . . . disregards any provision of
this title . . . such taxpayer may bring a civil action for
damages against the United States.").  In fact, a separate
provision of the FCRA itself contains an express waiver of
sovereign immunity for certain violations that is stated in
unequivocal terms.  See 15 U.S.C. § 1681u(i) ("Any agency or
department of the United States obtaining or disclosing any

**United States District Court**
For the Northern District of California

consumer reports, records, or information contained therein in violation of this section is liable to the consumer . . .").

Like the plaintiff in <u>Al-Malik v. United States Department of Education</u>, 2011 U.S. Dist. LEXIS 96753 (N.D. Cal.), Plaintiff has not shown that sovereign immunity has been waived and thus that this Court has subject-matter jurisdiction over his FCRA claims against Federal Defendants.

Accordingly, the Court GRANTS Federal Defendants' motion to dismiss the FCRA claims for lack of subject matter jurisdiction.

II.  Failure to State a Claim for Relief under the FCRA

Even if sovereign immunity were waived for Plaintiff's FCRA claims against Federal Defendants, he has failed to state a claim for relief against them under that statute.  In his first and second causes of action, Plaintiff alleges simply that Federal Defendants willfully and negligently "failed to comply with the requirements of the Fair Credit Reporting Act, 15 U.S.C. 1681 <u>et seq.</u>"  1AC ¶¶ 23, 25.  In his opposition brief, Plaintiff contends that the FCRA creates liability for "consumer reporting agencies" and "users of information" and that he has alleged that Federal Defendants are "users of information" under FCRA and that they "did not follow procedures to ensure maximum possible accuracy in the background report 15 U.S.C. § 1681i, did not properly handle his dispute 15 U.S.C. § 1681c and e, nor maintain strict

procedures to ensure the information was complete and up to date

15 U.S.C. § 1681k."  Opp. at 10 (all errors in original).[2]

However, these code sections impose obligations on "consumer reporting agencies" and not on "users of information."  See 15 U.S.C. § 1681k(a) ("A <u>consumer reporting agency</u> which furnishes a consumer report for employment purposes . . . shall . . . maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date.") (emphasis added); 15 U.S.C. § 1681e (b) ("Whenever a <u>consumer reporting agency</u> prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.") (emphasis added); 15 U.S.C. § 1681i(a)(1)(A) ("if the completeness or accuracy of any item of information contained in a consumer's file at a <u>consumer reporting agency</u> is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the <u>agency</u> shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate . . .") (emphasis added); 15 U.S.C. § 1681c(f) ("If a <u>consumer reporting agency</u> is notified pursuant to section 623(a)(3) that information regarding a consumer who was furnished

---

[2] Plaintiff appears to have confused some of these citations. For example, the code provision that requires "reasonable procedures to assure maximum possible accuracy of the information" in consumer reports is contained in 15 U.S.C. § 1681e(b), not 15 U.S.C. § 1681i, which instead addresses procedures in cases of disputed accuracy.  The Court addresses each provision that Plaintiff has cited and that it appears that he intended to cite.

United States District Court
For the Northern District of California

to the agency is disputed by the consumer, the <u>agency</u> shall indicate that fact in each consumer report that includes the disputed information.") (emphasis added); 15 U.S.C. § 1681c-2(a) ("a <u>consumer reporting agency</u> shall block the reporting of any information in the file of a consumer that the consumer identifies as information that resulted from an alleged identity theft").

Plaintiff has not alleged or argued that any Federal Defendant is a consumer reporting agency as defined in the FCRA. Nor could he.  See <u>Ollestad v. Kelley</u>, 573 F.2d 1109, 1111 (9th Cir. 1978) (stating that "the Federal Trade Commission, the agency charged with administering the FCRA, has concluded that federal agencies are not consumer reporting agencies within the meaning of the act" and that this "reasoned conclusion is entitled to our deference").

Accordingly, the Court GRANTS Federal Defendants' motion to dismiss the FCRA claims for failure to state a claim.  Even if Plaintiff had shown that subject matter jurisdiction existed over these claims, dismissal under Rule 12(b)(6) would be with prejudice because Plaintiff could not remedy through amendment this deficiency so as to state a claim under any section of the FCRA that he has identified.  Because the Court grants the motion to dismiss for lack of subject matter jurisdiction and failure to state a claim, the Court does not reach Federal Defendants' alternative argument, that the FCRA claims are barred because the two year statute of limitations had run before Plaintiff filed his complaint.

United States District Court
For the Northern District of California

III. Justiciability

Federal Defendants also argue that Plaintiff's claims are non-justiciable because judicial review of a security clearance determination is not available and here Plaintiff seeks a finding that his security clearance was improperly denied.

In response, Plaintiff argues that he is bringing claims that he was denied the right to earn a living in his chosen profession without notice or hearing, apparently suggesting he is asserting a procedural challenge, not a substantive challenge, to the decision. However, as discussed above, Plaintiff did not state in the 1AC what conduct he is alleging was a violation of the FCRA. The 1AC appears to present both procedural and substantive challenges to Federal Defendants' denial of his background clearance. See 1AC, 8 (requesting a "judicial determination finding him eligible to be employed by the Federal government or organizations that require passage of the security clearance known as an eQuip background check"); 1AC ¶ 20 (alleging that Federal Defendants "failed and refused to reinvestigate to confirm or disclaim the accuracy of the information" in the background investigation in violation of the law). In addition, in his opposition, rather than basing his arguments on a violation of the procedures set forth in FCRA, Plaintiff appears to be arguing that his constitutional due process rights have been violated. Opp. at 4 (citing FCRA and addressing revocation of the security clearance without notice or hearing and depriving him of a constitutionally-protected liberty interest).

To the extent that Plaintiff seeks a judicial determination that he should be granted a security clearance and deemed eligible

United States District Court
For the Northern District of California

for employment in positions requiring such a clearance, those claims are non-justiciable under the principles set forth in a line of Supreme Court and Ninth Circuit cases.  This includes the sole basis for his declaratory relief claim that is apparent in his 1AC.

In <u>Department of Navy v. Egan</u>, 484 U.S. 518 (1988), the Supreme Court held that employment decisions based on the executive branch's security clearance decisions are not reviewable by the Merit Systems Protection Board (MPSB).  In that decision, the Court held that "the grant of security clearance to a particular employee, a sensitive and inherently discretionary judgment call, is committed by law to the appropriate agency of the Executive Branch."  <u>Id.</u> at 527.  "[T]he President[,] as head of the Executive Branch and as Commander in Chief," has "authority to classify and control access to information bearing on national security and to determine whether an individual is sufficiently trustworthy to occupy a position in the Executive Branch that will give that person access to such information . . . ."  <u>Id.</u>  The decision to grant or deny a security clearance requires the type of "[p]redictive judgment" that "must be made by those with the necessary expertise in protecting classified information."  <u>Id.</u> at 529.  Thus, "[f]or reasons too obvious to call for enlarged discussion, the protection of classified information must be committed to the broad discretion of the agency responsible, and this must include broad discretion to determine who may have access to it."  <u>Id.</u> (internal formatting, quotation marks and citations omitted).  Accordingly, the Court concluded that the

MPSB, as an "outside nonexpert body," could not "review the
substance of such a judgment . . ." Id.

Then, in Webster v. Doe, 486 U.S. 592 (1988), the Supreme
Court confirmed that federal courts do not have jurisdiction to
review the merits of decisions regarding security clearances.  It
held that the CIA director's decision to terminate a CIA employee
for a security reason was committed to the discretion of the
director by law, thereby precluding judicial review under the
Administrative Procedures Act (APA).  Id. at 601.  It found,
however, that the same considerations did not deprive the courts
of jurisdiction to review constitutional claims and remanded for
further proceedings.   Id. at 603-04.  The Court did not decide
whether the plaintiff had in fact presented colorable
constitutional claims.  Id. at 604 n.8.  There, the plaintiff
alleged that the CIA unconstitutionally discriminated against
homosexuals in making security clearance determinations.  Id. at
601-02.

Later, in Dorfmont v. Brown, 913 F.2d 1399 (9th Cir. 1990),
the Ninth Circuit extended Egan to bar judicial review of the
merits of a decision regarding a security clearance.  In that
case, the plaintiff sued the Department of Defense "seeking an
injunction against the revocation of her security clearance,"
arguing that the decision violated her constitutional "rights to
procedural and substantive due process."  Id. at 1400.  The court
stated that, although Egan's holding was limited to the MPSB,
"[t]he logic of that decision precludes judicial review as well."
Id. at 1401.  "When it comes to security matters, a federal court
is 'an outside nonexpert body.'  We have no more business

United States District Court
For the Northern District of California

1  reviewing the merits of a decision to grant or revoke a security
2  clearance than does the MPSB." Id. (quoting Egan, 484 U.S. at
3  529). The court stated, "Although Dorfmont fashions her claims as
4  due process challenges," her arguments--save two--were in fact
5  "attacks on the merits of the decision to lift her security
6  clearance." Id. The court held that "the district court has no
7  authority to review" those challenges to the merits of the
8  security clearance decision. Id. at 1402. As to the two due
9  process challenges, the Dorfmount court held that, although they
10 were justiciable, "a claim for denial of due process stemming from
11 revocation of a security clearance is not a colorable
12 constitutional claim." Id. at 1404.

13      Under these cases, to the extent that Plaintiff seeks a
14 determination that he should be deemed to have passed the
15 background clearance, his FCRA and declaratory relief claims are
16 barred. This Court does not have the jurisdiction to review the
17 merits of Federal Defendants' decision regarding Plaintiff's
18 background investigation.

19      Instead of defending his claims that challenge the outcome of
20 the background investigation, Plaintiff argues instead that he has
21 asserted justiciable claims that challenge the procedures accorded
22 to him. In support, Plaintiff cites cases that address claims for
23 violation of the due process clause in the context of background
24 investigations and security clearances. See Greene v. McElroy,
25 360 U.S. 474 (1959); Kartseva v. Dep't of State, 37 F.3d 1524
26 (D.C. Cir. 1994); Baillargeon v. Drug Enforcement Adm., 638 F.
27 Supp. 2d 235 (D. R.I. 2009). Plaintiff, however, has not asserted
28 any such constitutional claims in his 1AC.

United States District Court
For the Northern District of California

16

United States District Court
For the Northern District of California

1    Accordingly, because Plaintiff's declaratory relief and FCRA

2 claims seek a determination that he should be granted the security

3 clearance, the Court finds that they are not justiciable and

4 dismisses them without leave to amend.  Because Plaintiff has not

5 plead a claim for violation of his procedural due process rights

6 in the background investigation, the Court declines to address

7 whether any such hypothetical claims would be justiciable.

8 IV.   Declaratory Relief Claim

9    Federal Defendants contend that Plaintiff has not identified

10 any proper jurisdictional basis for his declaratory relief claim.

11    The Declaratory Judgment Act (DJA) provides that "any court

12 of the United States, upon the filing of an appropriate pleading,

13 may declare the rights and other legal relations of any interested

14 party seeking such declaration, whether or not further relief is

15 or could be sought."  28 U.S.C. § 2201(a).  The "DJA expanded the

16 scope of the federal courts' remedial powers" but it did not

17 create or modify the courts' jurisdiction, "which must properly

18 exist independent of the DJA."  Countrywide Home Loans, Inc. v.

19 Mortg. Guar. Ins. Corp., 642 F.3d 849, 853 (9th Cir. 2011).  "In

20 other words, federal courts have discretion under the DJA only as

21 to whether to award declaratory relief pursuant to the

22 jurisdiction that they must properly derive from the underlying

23 controversy between the litigants."  Id.

24    In his response, Plaintiff asserts that the APA provides a

25 valid basis for declaratory relief.  Plaintiff, however, has not

26 cited the APA in his 1AC or asserted any claim for relief under

27 the APA in his current pleading.  Instead, in his opposition

28 brief, Plaintiff seeks leave to amend to add an APA claim and a

17

**United States District Court**
For the Northern District of California

constitutional claim.  Because Plaintiff does not appear to dispute that he has provided no proper jurisdictional basis for his declaratory relief claim as plead in his 1AC, the Court grants Federal Defendants' motion to dismiss this claim.

V.   Plaintiff's Request for Leave to Amend to Assert New Claims

In his opposition, Plaintiff requests leave to amend to assert new claims under the APA, the due process clause of the Fifth Amendment or both, which are not plead in his 1AC.

Plaintiff has improperly presented this request in an opposition brief and has not moved for permission to add new claims, as required by the Federal Rules of Civil Procedure and the Civil Local Rules of this Court.  See Federal Rule of Civil Procedure 7(b)(1) ("A request for a court order must be made by motion."); Civil Local Rules 7-1 and 7-2.  Plaintiff also does not address whether leave to amend should be granted pursuant to Federal Rule of Civil Procedure 15(a) or the five factors that courts consider when assessing the propriety of a motion for leave to amend: undue delay, bad faith, futility of amendment, prejudice to the opposing party and whether the plaintiff has previously amended the complaint.  Ahlmeyer v. Nev. Sys. of Higher Educ., 555 F.3d 1051, 1055 n.3 (9th Cir. 2009).  Finally, Plaintiff does not provide his proposed pleading as required by Civil Local Rule 10-1 and it is not clear what his proposed claims would be.

Accordingly, the Court denies Plaintiff's improper request for leave to assert new claims, without prejudice to Plaintiff renewing his request in a properly filed motion within two weeks of the date of this Order, as set forth below.

CONCLUSION

For the reasons set forth above, the Court GRANTS Federal Defendants' motion to dismiss (Docket No. 36).  Plaintiff's claims for violation of the FCRA against Federal Defendants and his declaratory relief claim are DISMISSED without leave to amend.

Within two weeks of the date of this Order, Plaintiff may file a motion for leave to amend his complaint to add new claims against Federal Defendants under the APA or the due process clause, including a declaratory relief claim based on these provisions.  With any such motion, Plaintiff shall attach his proposed amended complaint and shall address why leave to amend should be granted.  If Plaintiff files a motion for leave to amend, Federal Defendants shall file a response within two weeks thereafter, Plaintiff shall file a reply within one week thereafter and the Court will resolve the motion for leave to amend on the papers.

The case management conference currently set for Thursday, March 7, 2013, at 2:00 p.m. is CONTINUED to Wednesday, April 24, 2013, at 2:00 p.m.

IT IS SO ORDERED.


Dated: February 27, 2013

CLAUDIA WILKEN
United States District Judge