IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STEPHEN ECHOLS,

  Plaintiff,

 v.

MORPHO DETECTION, INC.; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; TRANSPORTATION SECURITY AGENCY; and JANET NAPOLITANO, in her official capacity as Secretary of Homeland Security,

  Defendants.
_____/

No. C 12-1581 CW

ORDER TRANSFERRING CASE TO THE CENTRAL DISTRICT OF CALIFORNIA

 On April 11, 2013, the Court informed the parties that it was "considering whether to transfer the case on its own motion to Plaintiff's home forum, the Central District of California," and directed the parties to "include their views on transfer in their joint case management statement," if no motion or stipulation to transfer was filed before their joint statement was due. Docket No. 48, 14-15. The parties have since filed their joint case management statement addressing transfer. Having considered the parties' statement and the record of this case, the Court now finds good cause to transfer this case to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a).

 As explained in greater detail in the Court's April 11, 2013 order, in this action, Plaintiff brings claims against Defendants related to Federal Defendants' finding that he was ineligible to work on certain federal contracts because of his failed background

check and Morpho's subsequent termination of him.  Plaintiff sought leave to amend his pleading to assert a Privacy Act claim against Federal Defendants, which the Court denied because venue for that claim is not proper in this district.  Docket No. 48, 11-13.  In the joint case management statement, Plaintiff represents that he intends to re-assert his Privacy Act claim in a proper district, which he identifies as the Central District of California, and that he would like to transfer this case to that venue, so that his claims can proceed together.  Docket No. 49, 4, 6.  Federal Defendants also state that they would like the surviving claim against them under the Freedom of Information Act (FOIA) to be transferred to the District Court for the Central District of California, where they believe that "venue would be proper."  Id. at 3.  Despite the Court's invitation to set forth its views on transfer in the case management statement, Morpho has not expressed any opposition to transfer of the case to the Central District of California.

Under 28 U.S.C. § 1404(a), a district court may transfer a civil case if the court determines that the action "might have been brought" in the transferee court, and the convenience of the parties and witnesses in the interests of justice favor transfer. Hatch v. Reliance Ins. Co., 758 F.2d 409, 414 (9th Cir. 1985).  If the court finds that the first prong of the § 1404(a) analysis is satisfied, it has discretion to engage in an "individualized, case-by-case consideration of convenience and fairness." Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000) (quoting Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29 (1988)).  A court may transfer a case sua sponte.  See Muldoon v. Tropitone Furniture

2

1  Co., 1 F.3d 964, 966 (9th Cir. 1993); Washington Pub. Util. Group
2  v. United States Dist. Court for Western Dist., 843 F.2d 319, 326
3  (9th Cir. 1987).

4  As an initial matter, the Court finds that this action could
5  have been brought in the Central District of California.  This has
6  not been disputed by any party.  Venue is proper in that district
7  because a substantial part of the events or omissions giving rise
8  to the claims in this suit took place within that district, which
9  is where Plaintiff was employed by and terminated by Morpho and
10 where the alleged identity theft took place.  See 1AC ¶¶ 2, 8 &
11 Exs. 1 & 2.  Further, Plaintiff resides in that district.  See 5
12 U.S.C. § 552(a)(4)(B) (providing that, among others, "the district
13 court of the United States in the district in which the
14 complainant resides" is a proper venue for FOIA claims).  Finally,
15 based on Plaintiff's allegations, it appears that all Defendants
16 are subject to personal jurisdiction in the Central District.

17 The Court also concludes that the interests of fairness and
18 convenience strongly favor transfer.  Although Plaintiff's
19 original choice of forum is generally given considerable weight,
20 his choice is less important where, as here, it is neither
21 Plaintiff's home forum nor where the operative events took place.
22 See, e.g., Emplrs Mut. Cas. Co. v. Bartile Roofs, Inc., 618 F.3d
23 1153, 1168 (10th Cir. 2010) ("The plaintiff's choice of forum
24 receives less deference . . . if the plaintiff does not reside in
25 the district" or "where the facts giving rise to the lawsuit have
26 no material relation or significant connection to the plaintiff's
27 chosen forum.") (internal quotation marks and citations omitted).
28 Further, Plaintiff supports transfer.  In addition, witnesses and

3

physical evidence are more likely to be found in that district. Finally, transfer would allow all of Plaintiff's claims to proceed together, thereby conserving the resources of the parties, the judiciary and witnesses who may otherwise be called in multiple courts.

Accordingly, the Court TRANSFERS this action on its own motion to the United States District Court for the Central District of California, Western Division.  The Court DENIES Plaintiff's renewed request in the case management statement for leave to amend to assert a Privacy Act claim because, as explained in the April 11, 2013 order, venue in this district is improper.[1] Plaintiff's request otherwise appears proper, except against Secretary Napolitano, and the denial is without prejudice to Plaintiff renewing his request before the Central District of California court.

The parties may proceed with discovery at this time and should seek resolution of any discovery disputes, including the appropriate scope of discovery from the Federal Defendants, before the Central District of California court.

The Court requests that the assigned judge in the Central District of California refer the parties for a settlement conference with a magistrate judge, to be held as soon as practicable.

---

[1] Plaintiff represents that his proposed second amended complaint is attached to the case management statement as Exhibit 1.  However, no exhibits were filed with the statement.  The Court assumes for the purposes of this order that Plaintiff sought to assert the same Privacy Act claim that was contained in the proposed second amended complaint filed with Plaintiff's motion for leave to amend his pleadings.  See Docket No. 42-1.

4

Accordingly, pursuant to 28 U.S.C. § 1404(a), and in the interest of justice, the Clerk of the Court is ordered to TRANSFER this action forthwith to the United States District Court for the Central District of California, Western Division.

IT IS SO ORDERED.

Dated: 5/1/2013

CLAUDIA WILKEN
United States District Judge